PROVOSTY, J.
The suit of Albert Hanson Lumber Co., Ltd., v. Emile Angelloz et al., 118 La. 861, 43 South. 529, was a petitory action. The land sued for had been acquired by the defendant Angelloz from Valentin Schwann in exchange for another tract of land. As Valentin Schwann had died, Angelloz cited his heirs in warranty, demanding that, in the event of judgment in favor of plaintiff, they either restore the property which he had given to their father in exchange for the property claimed by plaintiff or pay him the value thereof, $2,500. The judgment gave to Albert Hanson Lumber Company the land sued for, and condemned the warrantors to pay Angelloz $2,500, with reserve of the right to them, however, to satisfy this judgment by returning to Angelloz within 10 days the land given by him to their father. The 10 days having long *464 expired without any appeal having been asked for, and the said warrantors not having offered to return the land given to their father in exchange, Angelloz caused execution to issue on his money judgment. Under this execution the sheriff made a seizure and advertised the property seized for sale, and the present suit is an injunction of that seizure and sale. The plaintiffs are the heirs of Valentin Schwann, namely, William Schwann, Mrs. Odille Moreira, and Miss Julia Moreira.
The first ground of the injunction is that the sheriff seized immovable property without having first exhausted the movables.
This objection comes too late, when made after the sale has been advertised (Code Prac. art. 649; Noble v. Nettles, 3 Rob. 154), and plaintiffs made it for the first time by the filing of this suit.
The next ground is that no notice of seizure was served.
The evidence shows the contrary.
The next ground is that the sale was being advertised to take place before it had been preceded by the 30 days’ advertisement required by law.
The testimony shows that the sale was advertised to take place on Saturday, August 25, 1906, and that the advertisement was published for five weeks;, the first publication having been on July 21st and the last on August 18th. Between July 21st .and Au-' gust 25th is 34 clear days; and it was sufficient to publish the advertisement once a week during the time. The advertisement was therefore sufficient.
The next ground is that the first advertisement appeared less than three days after the notice of seizure.
Mrs. and Miss Moreira accepted notice of seizure on July 12th. The record does not show when the notice of seizure was served on Wm. Schwann. The advertisement first appeared on July 21st. Nothing shows that the publication was less than three days after the notice. ■
The next ground is that, inasmuch as the judgment was in the alternative, namely, return the property or pay $2,500, the execution should have issued in the same terms.
The judgment was for $2,500, subject to the right to satisfy it by returning the property within 10 days; and the 10 days had long expired when execution issued. Even now there is nothing to show that plaintiffs would be willing to return the property.
The injunction was properly dissolved. But we think there was error in allowing $250 attorney’s fees, by way of damages, in addition to the 20 per cent, statutory damages. Damages of any kind over and above the 20 per cent, are allowed only where “damages to a greater amount are proved.” There was proof of the attorney’s fees, but there was no proof of defendant in injunction having suffered damages in the amount of these attorney’s fees over and above the amount of the 20 per cent, statutory damages.
The judgment appealed from is amended by striking out the allowance of $250 attorney’s fees, and, as thus amended, it is affirmed. Appellee to pay the costs of appeal.