(54 South. 785.)

No. 18,103.

RIDDELL v. RICE.

(March 13, 1911. Rehearing Denied April 10, 1911.)

*(Syllabus by the Court.)*

1. TRIAL (§ 66*)—RECEPTION OF EVIDENCE—REOPENING CASE FOR ADDITIONAL TESTIMONY.

The district court, within its discretion, admitted testimony before the opening of the argument.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 156; Dec. Dig. § 66.*]

2. TAXATION (§ 658*)—SALE FOR TAXES—VALIDITY—NOTICE.

The alleged notice of sale for taxes was given in the name of one dead since the year 1882.

His heir went into possession in that year; she sold the property to defendant in 1905.

Facts and circumstances led plaintiff to infer that all taxes had been paid.

Before and after the tax sale plaintiff was the record owner.

The property after the sale continued to be assessed in the name of plaintiff, who did not know, and had no reason to know, that prior to 1905 it was assessed in the name of another, and that his vendor had paid the taxes as thus assessed.

The informal and insufficient notice of sale was never served in person or left at "his residence or place of business."

Plaintiff was not notified, and the title in consequence is not valid.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1332–1335; Dec. Dig. § 658.*]

Provosty, J., dissenting.

Appeal from Civil District Court, Parish of Orleans; T. C. W. Ellis, Judge.

Action by P. G. Riddell, agent, against Louis P. Rice. Judgment for defendant, and plaintiff appeals. Affirmed.

Dinkelspiel, Hart & Davey, for appellant. W. S. Parkerson, for appellee.

BREAUX, C. J. Plaintiff bought, on the 16th day of December, 1907, a certain lot and improvement in the city of New Orleans, sold by the city of New Orleans at tax sale for taxes assessed in the name of "Benterrick Egan" to said city for the year 1905.

After the sale the city signed title to plaintiff for the property.

In March, 1909, plaintiff petitioned the court for writs of seizure and possession of the property, which was in the possession of Louis P. Rice, the defendant in matter of the application to be placed in possession.

The property was sold to Riddell at tax sale, under Act 119, passed at the session of the Legislature of 1882, and Act 170 of the year 1898, § 42.

The first and important point relates to notice.

Regarding notice, part of section 42 directs that the collector of taxes shall deliver to each taxpayer or shall leave notice of delinquency at his residence or place of business in the city of New Orleans.

The deed recites in this instance that the sale was made with all due formality. The contention of plaintiff is that his recital is conclusive. A contention with which we are unable to agree.

The defendant obtained an injunction to prevent execution of plaintiff's writs of seizure and possession. In his petition for the injunction, he stated that he acquired the property from Mary Louise Egan on the 2d of May, 1905, and that his deed was timely registered in the conveyance office.

Defendants in the petition for an injunction attacked the sale to Riddell, agent, to whom we will refer hereafter as the defendant in injunction, although he was plaintiff in the application for possession, on the ground that the property was assessed in his (Rice's) name for the years 1906, 1907, and 1908, and that defendant acquired no right under the sale made of the property for the taxes due for 1905; that he had received no notice of the sale; that he is not a tax resister; on the contrary, has always paid his taxes, and was confident that he had paid his taxes, and the first intimation of any claim under the sale was when he was called upon

by plaintiff to deliver the property; that while true that the year had elapsed, that after the date of the sale under which defendant claims the property was always assessed in his (Rice's) name, and the city accepted payment of all his taxes, including the taxes on the property in question.

That "Benterrick Egan" died prior to 1882.

This name was intended for Benthick Egan.

That since that year the title to the property was in the name of Mary Egan, his vendor; that he always paid his taxes on the property and thought that those due to the city for the year 1905 had been paid, as he made inquiry from those in charge of the collection of taxes; that all his taxes were paid, and, as to the taxes on the property he owns within the block on which the land now in question is situated, he was given a receipt by the tax collector, showing payment; that the property was not properly advertised for sale for taxes, as the advertisement was not inserted in a newspaper the required number of days, and that it was not properly advertised in name in which it should have been advertised.

That this property was assessed in his own name after his purchase from Mrs. Egan, and that during the time so assessed he did not receive any intimation that it had been sold for taxes.

The plaintiff as a witness in his own behalf testified:

That he had reason to believe that he had paid his taxes for 1905 on the property in question, because "in that square I have four or five pieces of property, and when I get a receipt and 'various properties' are written thereon, in square No. 168, I suppose that all my taxes are paid."

That he never received any demand for these taxes, nor notice that the property would be sold for taxes.

His clerk, Brisolara, testified that he pays plaintiff's taxes every year, and paid all of the taxes of which they knew anything for the year 1905.

Plaintiff states as a witness that he concluded that the city taxes paid covered all his property in the square No. 168, because in the year 1904 it was assessed for $16,000 and in 1905 it had increased to $25,000, and he construed that the increase was because of the additional value of the property in the early part of the year 1905.

Riddell, agent, in his exception and answer to the petition for an injunction, pleaded that plaintiff, Rice, had no cause of action, and that his tender of the price estops him, and that his, Riddell's, title is valid.

During the trial a question of practice arose.

Plaintiff, Rice, was placed on the stand to notice given. This want of notice was before one of his grounds for enjoining. This was after examination and cross-examination of all the witnesses, but before the argument began.

To particularize, defendant's (Riddell's) contention was that the case had been closed; that plaintiff offered his evidence, defendant his; that plaintiff thereafter offered rebuttal evidence; it was too late to offer further evidence.

The district court overruled the objection.

This point being noted, it will be taken up later by us for decision.

The judgment of the district court was for plaintiff.

The district court quashed the court's order issued on Riddell, petitioner, for seizure and possession, and recalled the writ and dismissed the demand.

Rice was condemned to pay $305, amount of city taxes for the year 1905, with $20 to cover costs, and 20 per cent. additional, all deposited in court.

The defendant, Riddell (agent), appeals.

[1] The point of practice before noted will be the first considered.

1. The note of evidence had not been ac-

tually closed, although it is true that the stage had been arrived at in the taking of evidence that is generally considered final in taking evidence in the trial of a case.

The case was not so entirely closed, as to the taking of evidence, as to preclude the presiding judge, if he deemed it in the interest of justice to allow further testimony, from hearing further evidence.

The point is raised on occasions in objecting to the court's ruling; it seldom, if ever, meets with a favorable decision, as appellate courts are very much inclined to the view that it is advisable to let the district court be the final judge as to whether somewhat belated testimony should be admitted or not admitted.

The argument had not been opened. It was still in time to admit testimony, if the trial judge deemed proper. Code of Practice, art. 484.

[2] 2. Plaintiff's main contention is that no notice of tax sale was left at his residence.

Riddell, agent, says in answer that notice was served on Al. McNeil, and adds whether McNeil delivered notice to plaintiff or not is of no moment, and cites Hoyle v. Southern Club, 48 La. Ann. 879, 19 South. 937.

The position is ordinarily correct, but is not of direct application here, for the asserted notice, if it ever reached plaintiff, was insufficient and informal.

The assessor committed the mistake of assessing the property in the name of one who had departed this life over 25 years ago.

The daughter of Benthick Egan had been placed in possession, and she sold the property to plaintiff.

Even without the error, it is very doubtful if the notice was regular, for the man McNeil upon whom plaintiff says the notice was served did not live on the place.

In a matter as important, it should appear beyond question that the notice was left at the residence in the hands of some one other than a servant who happens to be working on the place, if he was working on the place at the particular time. There is some doubt upon that subject.

It does not occur to us that there had been strict compliance with the law's requirement in this respect.

That was the only notice to place the tax debtor upon inquiry, in matter of an asserted assessment in the name of a man long since dead. When borne in mind that the plaintiff, Rice, did not know that the advertisement in the newspaper in the name of Benterrick Egan affected his interest as owner, and that there was no other evidence to inform him, it became doubly important to give him notice beyond all question.

The defendant's contention here is that the name of Egan on the notice left with McNeil was enough to awaken him to the importance of looking into the matter, and of ascertaining whether or not he owed the taxes.

But the evidence regarding this serving of notice is exceedingly weak and irregular.

A title would be made to hang by a thread, were this held to be sufficient notice in a matter as important.

Rice could well feel that he held good title under the facts, as it nowhere appears that his vendor, Miss Egan, was mentioned anywhere as a delinquent taxpayer.

Plaintiff had obtained a tax receipt, showing property in square No. 168, in which his property is, as assessed as part of "various properties." He had every reason to think that all the taxes were paid.

Furthermore, this witness testified that he sent a man to find out what the taxes were, with a list of his property in various squares, and on his return he gave him a check to pay all the taxes due as informed by the tax-collecting department.

He adds:

"In that square I have four or five pieces of property, and, when I got a receipt 'various

properties' taxes paid, I supposed that all taxes were paid."

There is more to the same effect, which we will not reproduce, as it is not necessary.

The testimony informs us that the witness was a prompt taxpayer.

But the contention on the part of plaintiff, Riddell (agent) is that the defendant, having paid his state taxes assessed in the name of "Benterrick Egan," is estopped from claiming the invalidity of the assessment as relates to city taxes.

This would be quite true if it appeared that the tax debtor paid those taxes with knowledge that there remained an unpaid tax on the property.

The facts and circumstances do not justify the conclusion that he had any such knowledge, and under the circumstances it does not appear that he was negligent in the matter, if he is to be judged by the same standard that all other tax debtors are judged, who remain entirely content when they have paid taxes on all the property according to information received from authoritative source.

3. The next position taken by learned counsel for Riddell, agent, is that the advertisement was complete and perfect, and, under the authority of the case of Schwann v. Sanders, 121 La. 461, 46 South. 573, an advertisement of sale need not appear on the day of the sale, nor within the week of the sale, provided there is 30 days' advertisement before the sale.

We are not inclined, as the necessity does not present itself, to discuss that view at this time.

We will state, however, with reference to the advertisement of the sale of property in the name of a man who departed this life over 25 years ago, that it can scarcely be held to be a compliance with the law requiring advertisement to be made.

The purpose of advertisement is notice;

this advertisement in the name of a dead man falls far short of that which is sufficient to give notice.

It was argued on this point that under the present law the heirs or other interested persons must within specified time notify the tax-assessing officers of error in assessing the property in the name of the de cujus, in order to secure the right of thereafter contesting the validity of the assessment.

This is an excellent provision.

None the less we are not inclined to the opinion that want of notice in this respect by the owner has the effect of curing a defect of assessment in the name of a man who is not among the living since over a quarter of a century, and whose heir was in possession to the date she sold the property.

How can it be expected that a taxpayer, a third person, shall thus concern himself about an assessment?

It does not appear that the law has been complied with in matter of the tax sale attacked. Property of plaintiff should not, in the manner proposed, be taken away from him.

All possible has been done by the district court in order to decide equitably and fairly. The court ordered that the adjudicatee be paid the costs and penalty; that is all which can well be expected under the facts and circumstances.

4. Another question arises at this point, and, in our opinion, a very serious question it is.

By all that is just, how could the plaintiff, Rice, have been aware of this first sale?

But it may be said it is not the duty of the tax-collecting department to call attention to errors of assessments.

We answer, true. But, when such an error is proven, then it becomes necessary for it to appear that some of the forms of the law have been complied with in order to take from the tax debtor his property.

To illustrate, using first letters:

A., the original owner, died in 1882.

B.. who succeeded A. in 1882, vendor to C.

C., the purchaser from A.

D., the tax collector.

E., the purchaser at tax sale.

The land was assessed in the name of A., dead since the date above mentioned.

The assessment beyond all question was null until the year 1890.

Under statute adopted that year, the responsibility was fixed for such illegal assessment on the heirs of the late owner.

B. had been owner since 1882 to date of sale to C.

· C. had a right to infer that B. was the owner.

This was the situation when D. left notice of delinquency in the hands of a transient laborer.

Moreover, the notice was defective; it was not dated, referred to no property, and made no demand.

An assessment of property in the name of one whose name was entirely unknown as an owner, the advertisement in his name, and the placing of a notice in his name in the hands of one employed as day laborer, and not residing on the place, are not the notices required and are not proof that notice preceding the sale was given.

The government cannot afford in this manner to take from the owner property legally acquired.

5. This brings us to another point:

The buyer, Riddell (agent), at the sale and the city of New Orleans permitted the property for years afterward to be assessed in the name of Rice, thereby giving rise to the inference that he was the owner.

Had it been otherwise, had the taxes after the sale been assessed in the name of Riddell, it would have placed Rice on inquiry.

There are decisions holding that, under the circumstances, the state and the purchaser at tax sale waive their right. This applies as well to the city as to the state.

The decision in Gauthreaux v. Theriot, 121 La. 874, 46 South. 892, 126 Am. St. Rep. 328, is pertinent.

The court in the cited case held that the continued possession of the prior owner, without notice of adverse claim under tax title and receiving taxes from him, constituted a waiver.

Other facts have been referred to and other points discussed. We shall not specially take them up and decide them.

We have arrived at the conclusion that justice will be done by affirming the judgment, and for that reason the judgment is affirmed.

PROVOSTY, J., dissents.