KENNON, Judge.
Plaintiff, who operates a store and filling station at Chestnut in Natchitoches Parish, Louisiana, brought suit against defendant for a total of $179.49 allegedly due by defendant to him on open account for gasoline, food, and other items. After a plea of vagueness was overruled, defendant filed an answer denying that he had made any of the purchases upon which the suit was filed, and setting forth that he had paid plaintiff in full for a'll amounts which he had purchased on credit from him.
Trial was had on May 9, 1949. On June 16, 1949 defendant filed a motion to reopen. On June 23, 1949 trial Court denied the motion to reopen and rendered judgment in favor of the plaintiff as prayed for. After motion for a new trial was denied, defendant appealed to this Court.
At the trial, plaintiff testified that defendant, during November and December, 1947, made the purchases listed on the charge slips introduced in evidence and which aggregated the amount sued for. Defendant testified that in August, 1947, he was indebted to the plaintiff in the sum of $176.00, at which time he signed a note; *114 that the plaintiff, who also signed the note, received from the bank at Campti, Louisiana, the face amount of the note, which constituted payment in full of all amounts due by defendant to plaintiff up to that time; that subsequent to that time, he traded with plaintiff but only for cash and not on credit; that he had paid the full amount of the note at the bank and consequently nothing further was due by him to plaintiff.
Plaintiff introduced the testimony of two of his clerks, each' of whom testified that certain of the purchases shown on the charge slips were made in person by defendant during the months of November and December, 1947; plaintiff also presented the truck driver from the oil company from which he purchased gasoline, who testified that on one occasion, during the period in controversy, he acted, as an accommodation, as attendant at the filling station; that, at defendant’s request, he filled defendant’s gasoline tank and that defendant directed him to have the plaintiff, Mr. Walker, charge the gasoline to defendant’s account.
Under these circumstances, we hold that the record amply sustains the finding of the District Judge in favor of plaintiff.
Attached to defendant’s motion to reopen the case is an affidavit from a merchant in the same community with plaintiff and defendant which sets forth that during November and December, 1947, defendant traded at affiant’s store both for credit and cash. The transcript of the trial bears the notation that the case would be held open for the testimony of this merchant and another party if counsel “are not able to stipulate” as to their testimony. A reading of the record and minutes indicates that the District Judge overruled the motion to reopen and did not consider the affidavit of the second merchant. However, defendant’s counsel in brief makes the statement that this second merchant’s testimony is in corroboration of defendant’s contention that no credit purchases were made by him after the August note was given to plaintiff. The decision as to whether or not a case should foe reopened is one which addresses itself to the sound discretion of the trial Judge and in the absence of manifest error1, his ruling should be sustained on appeal. In any event, if the facts set forth in the affidavit attached to the motion to reopen were accepted as true, it would not necessarily follow that the District Court’s judgment was incorrect.
The judgment appealed from is affirmed, with costs.