CHASEZ, Judge.
This case is an action by plaintiff, a materialman, against a contractor and the property owner under LSA — R.S. 9:4812. The plaintiff prayed for judgment against the contractor and property owner in the sum of $441.25 and further prayed to have its lien on the property recognized. The contractor was not served with a citation so the trial did not involve him. After a trial on the merits the Court a qua orally pronounced judgment in favor of the plaintiff in the sum of $359.91, and further held that the lien had prescribed, for it had not been reinscribed within one year from the date of its original recordation. The judgment was reduced to writing but never signed. The plaintiff then filed a pleading styled as an application for a new trial, which was properly set. On the date of the hearing, with all par *589 ties present, the trial judge reopened the case for the specific purpose of allowing plaintiff to re-examine his principle witness, office manager of the plaintiff, to show which set of figures on the invoices were the actual amounts charged for the material sold to the contractor and delivered to plaintiff’s house. The office manager testified, limiting his testimony to the clearing up of the amount charged the contractor for the equipment. Plaintiff’s counsel then cross-examined him. The Court then rendered judgment for the full amount prayed for, $441.25.
On application of the relator-defendants herein, Mr. and Mrs. Lester Francis Cor-coran, this Court granted a writ of cer-tiorari, ordering the trial court to transmit the record to this Court; further it ordered that the plaintiff show cause why the relief prayed for by relator should not be granted. Relators contend in their application that the trial judge granted a new trial and ordered the trial instanta, and they were not given the opportunity to subpoena witnesses or make a proper defense. They contend that the trial should have been set for hearing according to the rules of the Court. See LSA-C.C.P. art. 1977. We believe that the relators’ contention, after having reviewed the record, briefs and return of the trial judge, is without merit. Although the motion filed by the plaintiff was styled as a petition for a new trial, the trial judge did not grant a new trial in effect but stated he would “ * * * reopen the case for the purpose of allowing the plaintiff to prove that the figures on the extreme right hand side, in the extreme right hand column of the invoices are the cost prices for the merchandise purchased by them for resale.” The trial judge strictly limited the reopening of the case for the purpose of clearing up the testimony of plaintiff’s witness in regard to the price charged for the merchandise. Relators’ counsel was present in Court and cross-examined this witness. Since it is our opinion that a new trial was not ordered in this case, it did not have to be reset according to the rules of the Court, pursuant to LSA-C.C.P. art. 1977.
LSA-C.C.P. art. 1631 provides:
“The court has the power to require that the proceedings shall be conducted with dignity and in an orderly and expeditious manner, and to control the proceedings at the trial, so that justice is done.”
The comment to LSA-C.C.P. art. 1632, after citation of Article 484 of the Code of Practice, states:
* * *
“It has been held that it is within the sound discretion of the court to allow testimony after both parties have closed their cases. See Succession of Robinson,- 186 La. 389, 172 So. 429 (1937) where the supreme court held that the trial judge had arbitrarily exercised his discretion in refusing to reopen the case after the beginning of argument for the taking of evidence or to grant a new trial. See also Rawls v. Brotherhood of Railroad Trainmen Ins. Dept., 213 La. 899, 35 So.2d 809 (1948); cf. Ruiz v. Trocchiano, 38 So.2d 184 (La.App.1949); Walker v. Joyner, 45 So.2d 113 (La.App.1950).
“Art. 1631, supra, permits a liberal interpretation of the Robinson case.”
In Nalty v. Nalty, 222 La. 911, 64 So.2d 216 (1953) the trial judge allowed the reopening of the case for a physician to give additional testimony. The plaintiff argued that the case should not be reopened and based his argument on Article 484 of the 1870 Code of Practice. The Court therein stated:
“The decisions of our court have been written into this article, and now the reopening of a case is left to the discretion of the trial judge. Riddell v. Rice, 128 La. 241, 54 So. 785; Rea *590 v. Dow Motor Co., La.App., 36 So.2d 750.
“In the instant case, we cannot say that the trial judge abused his discretion in reopening the case for the purpose of permitting Dr. Jones to give additional testimony. His original testimony was not clearly understood by either counsel for the plaintiff or defendants. * * * ”
We are of the opinion that the trial judge in this case merely reopened the case to clear up any ambiguity he might have had in regard to the testimony of the office manager. We do not believe this was an abuse of his discretion. Since relators’ counsel was present at the taking of the additional testimony and cross-examined the witness, he was not prejudiced in any manner.
For the reasons assigned, the writ of certiorari is recalled and vacated and the proceedings of this Court are dismissed at relators’ cost.
Recalled, vacated and dismissed.