200 So.2d 753 (1967)
Hampton DUPRE, Plaintiff-Appellee,
v.
HARTFORD ACCIDENT & INDEMNITY COMPANY, Defendant-Appellant.
No. 2026.
Court of Appeal of Louisiana, Third Circuit.
June 29, 1967.
Donald Soileau, Mamou, for defendant-appellant.
Preston N. Aucoin, Ville Platte, for plaintiff-appellee.
Before FRUGE, SAVOY and CULPEPPER, JJ.
FRUGE, Judge.
The plaintiff, Hampton Dupre, was injured in a collision with an uninsured motorist. *754 He sued his own insurer, Hartford, under the uninsured motorist provision of his liability policy with Hartford. After trial on the merits but before the rendition of judgment in the lower court, the defendant insurer filed a trial memorandum with the district judge suggesting that the plaintiff had failed to prove his case since he did not allege and prove the uninsured status of the motorist who collided with the plaintiff. In response thereto, the plaintiff filed a rule requesting that the case be re-opened in order that the plaintiff might present evidence of the lack of insurance of the offending motorist. The trial judge granted the plaintiff's request and the defendant applied to this court for supervisory writs, urging that the trial judge abused his discretion in reopening the case for the production of said evidence. We denied the application for writs, noting that the defendant had an adequate remedy by appeal in event of an adverse judgment on the merits. The trial judge on November 30, 1966, rendered and signed a judgment in favor of the plaintiff and against Hartford in the amount of $5,000.00 (the policy limits under the uninsured motorist coverage). Hartford sought a suspensive and devolutive appeal to this court but because of an untimely and defective appeal bond we dismissed the appeal for lack of jurisdiction [see Dupre v. Hartford Accident & Indemnity Co., 197 So.2d 119 (La.App. 3d Cir. 1967)].
The defendant, Hartford, within the ninety day period allowed for devolutive appeals, returned to the district court and, by setting and filing a proper appeal bond, perfected its appeal to this court.
In connection with this second appeal, counsel for the plaintiff has filed before this court various exceptions and motions to dismiss the second appeal, all based upon the proposition that this court's dismissal of Hartford's first attempt at appeal because of an untimely and defective bond thereby bars a second appeal by Hartford, even though by prompt action in the lower court the defendant cured the deficient bond within the ninety day period for perfecting a devolutive appeal (see C.C.P. Art. 2087). Clearly this contention is without merit. Our dismissal of Hartford's first appeal was based on the principle that a fatally defective bond strikes at the jurisdictional heart of the appeal and, without a properly set or timely filed appeal bond, the appellate court acquires no jurisdiction of an appeal. See Bulk Transport v. General Truckdrivers, 195 So.2d 159 (La.App. 1st Cir. 1967), Dupre v. Hartford Accident & Indemnity Co., 197 So.2d 119 (La.App. 3d Cir. 1967) and authorities cited therein. Since, absent the attachment of appellate jurisdiction the trial judge retains full jurisdiction over the case, the judge below on the application of defendant could properly set the appeal bond and grant a subsequent and valid order of appeal. See Capuder v. Misko, 174 So.2d 535 (La.App. 3d Cir. 1965); DiLeo v. DiLeo, 128 So.2d 262 (La. App. 4th Cir. 1961); Greene v. Baynard, 194 La. 409, 193 So. 690 (1940); Lusco v. McNeese, 86 So.2d 226 (La.App. 1st Cir., 1956); Martinez v. Hunt, 92 So.2d 784 (La.App. 2d Cir. 1957); Succession of Savoie, 195 La. 433, 196 So. 923 (1940). Thus, as Hartford obtained a second order of appeal and perfected the bond therefor well within the ninety day period allowed for devolutive appeals, we feel that under the above cited authorities the plaintiff's motions to dismiss Hartford's second appeal should be denied.
On the merits, the appellant, Hartford, raises no issue as to the correctness of the trial court's determination that the accident in which the plaintiff was injured was solely the result of the negligence of the uninsured motorist. Its chief contention and the only one to which we shall direct our attention is that the trial judge committed error in re-opening the case after the evidence was in (but before rendition of judgment) in order to allow the plaintiff to prove the uninsured status of the other motorist. In so arguing, Hartford contends that there is no provision in our Code of *755 Civil Procedure under which the trial judge could allow the plaintiff to introduce additional evidence on that point, and that the actions of the trial judge were tantamount to the granting of a new trial. Thus, the appellant concludes, the trial judge abused his discretion in receiving the additional evidence because under C.C.P. Art. 1972 a party may be granted a new trial on grounds of newly discovered evidence only if that party could not have, with due diligence, obtained the evidence before or during the trial.
In arguing the applicability of C.C.P. Art. 1972 to the instant case, we feel that counsel for appellant is in error. We do not see how the plaintiff's motion to reopen the case in order that the judge might receive additional evidence can be construed as a motion for new trial inasmuch as the motion was made and granted prior to the rendition of judgment on the merits by the lower court. Furthermore, under C.C.P. Arts. 1631 and 1632, the decision to re-open a case for the production of additional evidence rests within the sound discretion of the trial judge, which decision will not be disturbed on appeal unless manifestly erroneous. See Comment (b) under C.C.P. Art. 1632; American Radiator & Standard Sanitary Corp. v. Alongio, 169 So.2d 588 (La.App. 4th Cir. 1964); Cali v. Cloverland Dairy Products, 21 So.2d 166 (La.App. 1st Cir. 1945); Spears v. Biles, 121 So.2d 522 (La.App. 2d Cir. 1960); Walker v. Joyner, 45 So.2d 113 (La.App. 2d Cir. 1950). The lack of manifest error in the trial judge's decision to reopen the instant case to allow the plaintiff to introduce new evidence becomes obvious, we think, from a reading of cases in which appellate courts have exercised their discretionary power to remand in order to permit the inadvertently omitted production of evidence bearing on the very point here at issue (the tortfeasor motorist's lack of insurance coverage). See, e. g., Greene v. Commercial Standard Ins. Co., 196 So.2d 301 (La.App. 3d Cir. 1967); Gloston v. Commercial Standard Ins. Co., 196 So.2d 302 (La.App. 3d Cir. 1967). In the instant case a careful reading of the record convinces us of the wisdom of the trial judge's decision to re-open the case for the production of such evidence and, absent the required showing of manifest error in this regard, we hereby affirm his judgment in favor of the plaintiff.
For the foregoing reasons, therefore, the judgment of the lower court is hereby affirmed, the defendant-appellant to bear all costs.
Affirmed.