DOMENGEAUX, Judge.
In this workmen’s compensation suit the plaintiff, Wilson Benoit, seeks benefits for total and permanent disability from the defendants, Phillips Iron Works, Inc., and its workman’s compensation insurer, Hanover Insurance Company. Benoit has perfected this appeal from a decision of the trial court denying him benefits for total and permanent disability. We affirm.
The issues raised in this appeal are: (1) Did the trial court err in not ordering the plaintiff to undergo a medical examination and myelogram test under the court’s supervision?; and (2) Did the trial court err in determining that the plaintiff was not totally and permanently disabled?
On March 23, 1979, while working for the defendant as a helper, the plaintiff began to experience a pain in the lower back. He finished work for that day, a Friday, and returned to work the next Monday, when he again complained of pain and was taken to be examined by Dr. Joseph Comeaux, a family practitioner. Doctor Comeaux diagnosed a lumbosacral sprain and treated the plaintiff for the following three weeks at which time he recommended that the plaintiff return to work. The plaintiff returned to work but was re-examined by Doctor Comeaux two weeks later, again complaining of pain in the lower back. Finding no objective basis for the plaintiff’s com *558 plaints, Doctor Comeaux referred the plaintiff to Dr. Harold J. Hebert, an orthopedic surgeon. Doctor Hebert admitted the plaintiff into a hospital in an attempt to ascertain the cause of the plaintiff’s complaints, but subsequently released the plaintiff as being symptom free. The plaintiff was also examined by Drs. Meulman, La-Fleur, Williams and Whitecloud, all orthopedic surgeons. All but Doctor Whitecloud found no physical findings to support the plaintiff’s continuing complaints of pain. Doctor Whitecloud was of the opinion that the plaintiff had a disc problem and suggested a myelogram test be taken.
The plaintiff contends the trial court erred in not ordering a myelogram test to be taken because the medical evidence is in conflict. We disagree.
The trial court has the authority to order a workmen’s compensation claimant to undergo a medical examination under La.R.S. 23:1123 which reads:
“If there be any dispute thereafter as to the condition of the employee, the court, upon application of either party, shall order an examination of the employee to be made by a medical practitioner appointed by the court. The fees of such examiner shall be fixed by the court at not more than ten dollars, and shall be paid in advance by the applicant. The medical examiner shall report his conclusions from the examination to the court, and such report shall be prima facie evidence of the facts therein stated in any subsequent proceedings under this Chapter.” (Emphasis added).
In the instant case, neither the plaintiff nor the defendant requested, prior to trial, that an examination by a physician appointed by the court be ordered.
This court held in D’Aville v. Travelers Insurance Company, 295 So.2d 454 (La.App. 3rd Cir. 1974), that La.R.S. 23:1123 does not require the trial court to order an examination if there has been ample time prior to trial to request such an order, concluding:
“LSA-R.S. 23:1122 requires the employer to immediately call for a medical examination to be made after an accident. Similarly, Section 1123 would imply by its reference to the preceding statute that the court-ordered examination should be made as expeditiously as possible after there is a dispute between the parties regarding the medical evidence. The statute does not require that the trial court appoint a physician where the parties have had ample time prior to the date set for trial to request an examination of the employee. This would interfere with the orderly proceedings of trial courts and delay the employee’s right to a judicial determination of disability. We do not imply that the trial court cannot order an examination if it is of the opinion further medical evidence is necessary.” (Emphasis added).
The plaintiff in the instant case did not request the trial court to appoint a physician to conduct the myelogram test until his motion for a new trial was filed after trial on the merits. In Roman v. Broussard, 255 So.2d 135 (La.App. 3rd Cir. 1971), the trial court refused to reopen the case to introduce testimony of a physician concerning the results of a myelogram performed after trial by a court-appointed physician. This court affirmed saying:
“. . . the decision to reopen a case for the production of additional evidence after all the parties have rested is one which is within the sound discretion of the trial court, and unless manifestly erroneous will not be disturbed on appeal. Dupre v. Hartford Accident & Indemnity Company, 200 So.2d 753 (La.App. 3rd Cir. 1967); Poche v. Frazier, 232 So.2d 851 (La.App. 4th Cir. 1970).”
We conclude that the trial court did not abuse its discretion in not appointing a physician to conduct a myelogram test on the plaintiff. The plaintiff had ample time to undergo such an examination prior to trial, and the record indicates that the defendants were willing to pay for it.
The plaintiff next contends the trial court erred in not finding him to be totally and permanently disabled. This contention is without merit. The plaintiff was seen by six physicians, five of them orthopedic surgeons. All but one of the physicians were of the opinion that the plaintiff’s com *559 plaints of pain were totally inconsistent and exaggerated and that he was able to return to work. Only Doctor Whitecloud, who examined the plaintiff only once for ten to fifteen minutes, was of the opinion that the plaintiff had a herniated disc and suggested further examination consisting of a myelo-gram. The lay testimony was in conflict.
The standard of review in workmen’s compensation cases has been discussed by the Supreme Court in Crump v. Hartford Accident & Indemnity Co., 367 So.2d 300 (La.1979) as follows:
“On appellate review, the trial court’s factual findings of work-connected disability are entitled to great weight. They should not be disturbed where there is evidence before the trier of fact which, upon the latter’s reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s findings, unless clearly wrong. The reviewing court should not disturb reasonable evaluations of credibility and reasonable inferences of fact by the trial court, even though the reviewing court is of the opinion that other evaluations and inferences are as reasonable.
See: Cadiere v. West Gibson Products Company, 364 So.2d 998 (La.1978); Aleman v. Lionel F. Favret Co., Inc., 349 So.2d 262 (La.1977); Gradney v. Vancouver Plywood Co., Inc., 299 So.2d 347 (La.1974). See also Canter v. Koehring, 283 So.2d 716 (La.1973).”
Our review of the record reveals that the trial court’s determination of facts is not manifestly erroneous and that the trial court was correct in concluding that the evidence overwhelmingly preponderated against the plaintiff.
For the above and foregoing reasons, the judgment of the trial court dismissing the plaintiff’s claim for total and permanent disability is affirmed. All costs are taxed to the plaintiff.

AFFIRMED.