EDWARDS, Judge.
This suit arises out of an automobile collision which occurred at the intersection of Louisiana Highway 3038 and U. S. Highway 61 near the town of Gonzales, Louisiana. Plaintiff, Hoover C. Dowden, was a guest passenger in a vehicle driven by John W. Edward. Edward was driving eastbound on La. 3038. When he arrived at the intersection of U. S. 61, he made a left turn onto that highway. At that point, his car was struck by a vehicle driven by defendant, Curby A. Miller, who was proceeding north on U. S. 61.
Dowden filed suit against Miller and his liability insurer, Allstate Insurance Company, claiming that the accident resulted solely from Miller’s negligence. Miller and Allstate answered, denying any negligence on the part of Miller, and filed a third party demand against Edward seeking contribution in the event that they should be found liable to Dowden. Plaintiff amended his petition, naming Charter National Insurance Company as an additional defendant. Dowden alleged that at the time of the accident there was an insurance policy issued by Charter National which provided uninsured motorist coverage for him.
Trial on the merits was held on October 19, 1979, and the matter was taken under advisement. On May 12, 1980, a motion to introduce new evidence was filed by plaintiff. This new evidence consisted of an affidavit from an officer in the Louisiana Department of Public Safety attesting to the fact that there was no liability insurance coverage on the vehicle of John W. Edward. After hearing, the trial court denied this motion.
On January 19, 1981, the trial court rendered judgment dismissing plaintiff’s suit as to all defendants at his cost. Plaintiff has appealed that judgment.[1] He contends that the trial court erred in failing to find Curby Miller negligent. Alternatively, he asserts that the court erred in denying the motion to introduce new evidence and in failing to find Charter National liable under the provisions of the uninsured motorist insurance policy.
LIABILITY OF CURBY MILLER
The trial court’s determination that Curby Miller was not liable to plaintiff is a finding of fact which can be upset only upon a determination that it is manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring *285 Company, 283 So.2d 716 (La.1973). We are not favored with reasons for the trial court’s judgment. However, our examination of the record reveals that the evidence clearly supports the determination that Miller was not negligent.
Plaintiff testified at trial that Edward stopped the vehicle in the median before turning into the northbound lane of U. S. 61. He estimated that the Miller vehicle was some 300 yards away in the inside lane when Edward entered the median. Dow-den testified that after entering the northbound inside lane, Edward moved to the outside lane, traveled some distance and was struck in the rear by the Miller vehicle. Dowden contended that the Miller vehicle was traveling at an excessive rate of speed. He also testified that when Edward stopped in the median he warned him of the approach of the Miller vehicle.
Not only does plaintiff’s version of the accident differ from that of the defendant, it is also at odds on some points with the account given by Edward. John Edward’s deposition was entered into the record by agreement of counsel. Edward, who was 80 years old at the time of the accident, testified that he never did see the Miller automobile. He also did not recall being warned by Dowden of the approaching Miller vehicle. Edward also testified that he was still in the act of turning when he was struck in the rear by Miller’s car.
The defendant testified that on the day of the accident he was traveling north on U. S. 61 toward Baton Rouge with his family. He estimated that he approached the intersection traveling in the inside lane at about 50 m. p. h. When he was about 200 yards away from the intersection, Miller testified, he saw the Edward vehicle stop at the stop sign on the west side of U. S. 61. Miller stated that he observed Edward cross the southbound lanes of traffic, enter the median at a slow speed (estimated to be 10 m. p. h.), and continue into the northbound inside lane without stopping. Miller testified that he moved his vehicle from the inside to the outside lane as a precautionary move and took his foot off of the accelerator. Miller further testified that as soon as Edward entered the inside lane, he suddenly and without warning attempted to move to the outside lane, in the immediate path of the Miller automobile. Miller testified that he hit his brakes, locked them up, skidded approximately 35 steps and struck the right rear portion of Edward’s vehicle. Mrs. Miller was riding with her husband that day and it was stipulated by all parties that her testimony would be the same as her husband’s.
Miller’s account is corroborated to some extent by the testimony of Deputy Bill Roux of the Ascension Parish Sheriff’s Department. Deputy Roux was in a vehicle behind the Edward automobile on La. 3038 and observed it cross the southbound lanes and enter the median at a speed of about 10 m. p. h. He observed the Edward vehicle pull into the median at an angle that would suggest an intention to enter the inside northbound lane. Roux then looked away from the Edward vehicle in order to check traffic in the southbound lanes, which he was beginning to cross. Roux did not see the actual impact but heard the crash “within a matter of seconds” after Edward entered the median area. Deputy Roux’s observations are consistent with defendant’s testimony that Edward pulled directly in front of the Miller car as it approached the intersection.
An accident report was prepared by a Louisiana State Police Officer, Bradley Tul-lier. Officer Tullier’s report was admitted into evidence by stipulation of the parties in light of his failure to appear for trial. The report describes the damage to Edward’s car which resulted from the impact with Miller’s car as being to the right rear side of the vehicle. There is no indication of any damage to the absolute rear of the vehicle. Some damage to the front of the vehicle is indicated, but this occurred when the vehicle struck a ditch after the initial impact with the Miller automobile. The damage indicated on the report contradicts the testimony of Edward and Dowden that the impact occurred and all the damage was sustained in the absolute rear of the Ed *286 ward vehicle. The physical reaction of the vehicle to the impact, diagramed in the accident report, also supports defendant’s testimony. Edward’s vehicle was spun in a clock-wise manner and landed in a ditch on the east side of the northbound lane, facing south. This physical reaction is consistent with Miller’s testimony that Edward’s vehicle was at an angle across the northbound lane attempting to get to the outside lane when it was struck. Furthermore, the police report estimates Miller’s speed at the time of the accident at 50 miles per hour, in a 55 miles per hour zone.
Our review of the record leads to the conclusion that the evidence supports a determination that the defendant, Miller, was not negligent. As a general rule of law, a motorist on a highway has the right-of-way over vehicles entering the highway from less favored roadways. DiPaola v. Fernandez, 270 So.2d 893 (La.App. 4th Cir. 1972); Sholar v. U. S. Fire Insurance Company, 261 So.2d 327 (La.App. 1st Cir. 1972); LSA-R.S. 32:124. It is well-settled that a motorist on a public highway is not required to anticipate that another motorist entering the highway will not yield the right-of-way to which he is entitled. Hickman v. Southern Pacific Transport Company, 262 La. 102, 262 So.2d 385 (La.1972); Bland v. Interstate Fire and Casualty Co., 311 So.2d 480 (La.App. 4th Cir. 1975); DiPaola v. Fernandez, supra. The trial court correctly dismissed plaintiff’s action against Curby Miller.
LIABILITY OF CHARTER NATIONAL
Plaintiff failed to establish at trial that John Edward was uninsured or underin-sured at the time of the accident. Nearly seven months after the trial, plaintiff filed a motion to allow introduction of new evidence. This new evidence consisted of an affidavit from an officer of the Louisiana Department of Public Safety avowing that Edward had no liability coverage on the date of the accident. The trial court denied this motion after hearing. Plaintiff had the affidavit filed in the record as a proffer of evidence.
Plaintiff contends that the trial court erred in denying the motion to admit new evidence. Plaintiff asserts that the trial court had the discretion, under Code of Civil Procedure articles 1631 and 1632 to allow introduction of the affidavit.[2] Plaintiff cites Green v. Commercial Standard Insurance Company, 196 So.2d 301 (La.App. 3rd Cir. 1967) and Gloston v. Commercial Standard Insurance Company, 196 So.2d 302 (La.App. 3rd Cir. 1967), for the proposition that the failure to do so was an abuse of discretion. The Third Circuit Court of Appeal remanded the Green and Gloston cases when it appeared that the plaintiffs in those cases had failed, through inadvertence, to introduce evidence or a stipulation on the undisputed issue of whether the tort-feasor was an uninsured motorist at the time of the accident.
Plaintiff is correct in arguing that the trial court has the discretion to re-open a case for production of evidence. In Dupre v. Hartford Accident & Indemnity Company, 200 So.2d 753 (La.App. 3rd Cir. 1967), the trial court’s decision to re-open the case, in order to allow plaintiff to introduce evidence that the tortfeasor was an uninsured motorist, was affirmed. In af *287 firming that decision, our brothers of the Third Circuit made the following statement:
“Furthermore, under C.C.P. Arts. 1631 and 1632, the decision to re-open a case for the production of additional evidence rests within the sound discretion of the trial judge, which decision will not be disturbed on appeal unless manifestly erroneous.” 200 So.2d at 755.
The language of Dupre, supra, as well as of Code of Civil Procedure articles 1631 and 1632 make it clear that the trial court is vested with much discretion in this area. On the facts of the instant case, we cannot say that the trial court abused its great discretion. In this regard, we note that the motion to introduce new evidence was made some seven months after the trial and that the affidavit itself was not prepared until over nine months after conclusion of the trial. Plaintiff has failed to make a showing that the trial court’s exercise of its discretion was manifestly erroneous. Dupre v. Hartford Accident & Indemnity Company, supra.
Moreover, even if the affidavit had been admitted into evidence, the record does not include proof that there was any insurance coverage afforded plaintiff by Charter National. There was testimony adduced that an insurance policy had been issued by Charter National, but there was much dispute as to who was covered under the policy in question.[3] The record reveals that the policy was admitted into evidence, but it does not appear in the record on appeal. Trial court judgments are presumed to be correct and items of evidence missing from the record are presumed to support the judgment of the trial court. Deliberto v. Deliberto, 400 So.2d 1096 (La. App. 1st Cir. 1981); DeLaneuville v. Duplessis, 385 So.2d 385 (La.App. 1st Cir. 1980); United Pentecostal Church v. Interstate Surplus, 368 So.2d 1104 (La.App. 2nd Cir. 1979). Applying this presumption, we conclude that the trial court correctly dismissed plaintiff’s claim against Charter National, and find it unnecessary to address the issue of whether plaintiff would have been afforded uninsured motorist coverage under the policy.
For the foregoing reasons, the judgment of the district court is affirmed. Costs of these proceedings are assessed against plaintiff-appellant.
AFFIRMED.

. Defendant-appellee’s motion to dismiss plaintiffs appeal, alleging that plaintiff failed to timely pay the costs of the appeal or qualify to proceed in forma pauperis, was denied. Dowden v. Miller, 404 So.2d 1270 (La.App. 1st Cir. 1981).

. LSA-C.C.P. arts. 1631 and 1632 provide as follows:

Article 1631

“The court has the power to require that the proceedings shall be conducted with dignity and in an orderly and expeditious manner, and to control the proceedings at the trial so that justice is done.
* * * »

Article 1632

“The normal order of trial shall be as follows:
(1)The opening statements by the plaintiff and the defendant, in that order;
(2) The presentation of the evidence of the plaintiff and of the defendant, in that order;
(3) The presentation of the evidence of the plaintiff in rebuttal; and
(4) The argument of the plaintiff, of the defendant, and of the plaintiff in rebuttal, in that order.
This order may be varied by the court when circumstances so justify.
When an action involves parties in addition to the plaintiff and the defendant, the court shall determine the order of trial as to them and the plaintiff and the defendant.”

. Both Mr. and Mrs. Dowden testified at the time of the accident that there was a policy of insurance issued by Charter National which covered a 1970 Chevrolet Impala owned by them and used by Mrs. Dowden. However, this automobile was registered in the name of John Dowden, plaintiffs son, who had not resided with his parents since 1962. The Dow-dens testified that their son had loaned them the money to buy the automobile and it was registered in his name as a means of securing this loan. Additionally, they testified that the insurance policy was issued in John Dowden’s name. The Dowdens testified that this was done on the advice of their insurance agent, Mr. Thomassie. Additionally, plaintiff testified that at the time of the accident he was not a licensed driver since his driver’s license had previously been revoked.