BOLIN, Judge.
Plaintiff, as tutrix for the minor children of Albert Lawrence Hebert, deceased, instituted this action in tort for the death of Hebert allegedly caused by the negligence of the minor, William F. Busbey, in the operation of a vehicle owned by his father, William G. Busbey, and insured by defendant, Central Mutual Insurance Company. From judgment rejecting plaintiff’s demand, she appeals.
The facts are essentially undisputed. The accident occurred after dark in the early evening of December 17, 1961. It had been raining and the weather was variously described by the witnesses as being foggy, misty and hazy. U. S. Highway 80, in the vicinity of the accident, is a divided four-lane thoroughfare with a wide grassy neutral ground separating the two east from the two west lanes of travel. Young Busbey was returning to Louisiana Tech at Ruston from Shreveport and had three other students as passengers in his car. He was driving about sixty miles per hour on the more or less straight highway. He had overtaken and was alongside another car going in the same direction, preparatory to passing it, when his automobile struck and almost instantly killed Hebert who was walking east along the north edge of the highway to Busbey’s left with his back to traffic. Hebert was a soldier and stationed at a nearby missile base to which he was returning when killed. He was dressed in his olive green service uniform and was not carrying any light.
Admitted is the negligence of decedent in walking on the paved portion of the highway with his back to the eastbound traffic in direct violation of the Louisiana law. The sole remaining question is whether defendants are liable under the doctrine of discovered peril or last clear chance. The doctrine has been restated in our jurisprudence so frequently as to render almost unnecessary any citation of authority. It is clear under our law a plaintiff, although negligent, may recover from a defendant motorist if such defendant saw or reasonably should have seen plaintiff in a position of peril of which plaintiff was unaware, or from which he was unable to extricate himself, and at a time when defendant could have, with the exercise of reasonable care, avoided the accident. See Phares v. Biggs (La.App. 2 Cir.1961) 135 So.2d 507 (cert. denied) and numerous cases cited therein.
The trial judge has favored this court with an excellent written opinion wherein he correctly set forth the law, reviewed the facts and properly applied his findings to the law. He concluded young Busbey, who was maintaining a careful lookout, was driving his car in a prudent manner and was making a normal passing maneuver on the four-lane highway at night. The following extract from the written reasons expresses the conclusions of the trier of facts:
“The Court is impressed that the dark green of Mr. Hebert’s uniform to *593 gether with the misty or hazy condition of the atmosphere combined to make it practically impossible to see him as he walked along in the dark.
* * *
“This Court is of the opinion that plaintiff here has failed to sustain the burden of proving that William F. Bus-bey either saw or should have seen Mr. Hebert in time to act in some manner to avoid striking him under the facts and circumstances then prevailing.”
Our review of the record convinces us the trial judge was eminently correct in his .statement of the facts and law and, accordingly, the judgment appealed from is affirmed at appellant’s cost.
Affirmed.