236 So.2d 646 (1970)
Randolph OTILLIO
v.
Harry L. DOLESE and State Farm Mutual Automobile Insurance Company.
No. 3959.
Court of Appeal of Louisiana, Fourth Circuit.
June 1, 1970.
Rehearing Denied July 6, 1970.
*647 Perez, Fernandex & Seemann, Chalmette, C. Frederick Seemann, New Orleans, for plaintiff-appellant.
Porteous, Toledano, Hainkel & Johnson, C. Gordon Johnson, Jr., New Orleans, for defendants-appellees.
Before SAMUEL, REDMANN and LeSUEUR, JJ.
LeSUEUR, Judge.
This litigation arises from an automobile collision which took place on January 1, 1966, at the intersection of Goodchildren and Marietta Streets, in St. Bernard Parish. At the time of the collision, the plaintiff was proceeding west on Goodchildren Street, which is not only favored at the Marietta intersection but is also protected by stop signs at that point.
It is virtually conceded that Michael Dolese, the Marietta Street driver, was negligent and the defense to the action was and is rooted solely in the premise that plaintiff was contributorily negligent. The trial judge upheld this defense and rejected the plaintiff's demand. We cannot concur.
The basis for the conclusion that plaintiff was negligent is clear enough. The trial judge obviously concluded that plaintiff may have been speeding and that he did not see the Dolese vehicle although he should and certainly could have done so. There were, concededly, no obstructions to plaintiff's vision.
These facts do not, however, exist in a de jure vacuum. Rather, they must be weighed and analyzed within the frame of reference provided by the specialized principles governing the intersectional collision.
The problem with the conclusion of the lower court is this: Even had plaintiff seen the Dolese vehicle approaching the intersection, he would have been entitled to rely upon the assumption that Michael Dolese would respect his right-of-way. Moreover, he would have been entitled, in reliance on this assumption, to proceed through the intersection or until it became clear to him that Dolese was not going to obey the law.
Our law plainly supports a favored motorist who so proceeds and it is well settled that entering an intersection in reliance upon the duties of intersecting traffic to respect a superior right-of-way is not to be construed as contributory negligence. Indeed, our Supreme Court specifically limits such a conclusion to "* * * only in exceptional circumstances, where the motorist on the favored street could have avoided the accident by the exercise of the *648 slightest sort of observation and care, * * *". Bourgeois v. Francois, 245 La. 875, 161 So.2d 750 (1964). Even granting that plaintiff was exceeding the speed limit by some five miles per hour, we cannot see how the facts at bar will, as a matter of law, satisfy the demands of the Bourgeois rule.
It should also be understood that the Bourgeois rule is, in some measure, reciprocally related to the theories of proximate cause and last clear chance. Thus, the negligence of a plaintiff does not bar recovery where the accident could have been avoided notwithstanding that negligence. See Bourg v. Central Mutual Insurance Company, La.App., 157 So.2d 591 (2nd Cir. 1963); Hartzog v. Eubanks, La. App., 200 So.2d 303 (1st Cir. 1967), writ ref. 251 La. 45, 202 So.2d 656, and 251 La. 50, 202 So.2d 658; and Reeves v. State Farm Mutual Automobile Ins. Co., La. App., 149 So.2d 230 (2nd Cir. 1963), writ ref. 244 La. 142, 150 So.2d 767. Here, even if one accepts the premise that plaintiff was negligent, it seems clear that Michael Dolese could have nonetheless avoided collision through no more than the exercise of reasonable care and a minimum obedience to traffic control signals. These considerations require reversal.
The trial court did not deal with damages, but the record is sufficiently clear to permit rendering with remand. Plaintiff suffered severe fractures of both bones in the left forearm. These refused to knit and required extensive surgery including multiple operations for bone grafts and the insertion of pins and metal plates. He spent considerable time in hospitals, wore a cast for most of a year, and lost some eleven months of work. There is no doubt that he has been put to much pain and that he has a small amount of residual difficulty.
We find special damages in the amount of $1,335.40 for medical expenses and in the amount of $3,960.00 for lost wages. Considering the fact that plaintiff has returned to work and that, although his injuries were severe, residuals are not extensive, we find that general damages in the amount of $10,000.00 will adequately compensate the plaintiff. The State Farm policy is not in evidence. However, insofar as that litigant is concerned, its liability is limited to $10,000.00 by stipulation of both counsel.
Accordingly, the judgment appealed is reversed and judgment is entered in favor of plaintiff, Randolph Otillio, and against defendants, Harry L. Dolese and State Farm Mutual Automobile Insurance Company, in solido, in the amount of $10,000.00, and, in addition, against the defendant, Harry L. Dolese, individually, in the further sum of $5,295.40, all together with legal interest from the date of judicial demand until paid. Costs in both courts are to be borne by defendants.
Reversed and rendered.