LeSUEUR, Judge.
Mrs. Higgins and her son, Mr. Stone, the plaintiffs in this matter, were both proceeding toward Kenner on Veterans Memorial Boulevard in a 1964 Oldsmobile on October 30, 1968, at about 6:30 o’clock p. m. Mr. Stone owned the automobile and was driving.
As Mr. Stone reached the intersection of Veterans Boulevard and Lisa Drive, Mrs. Gaule, the defendant herein, attempting to drive across Veterans from his right to his left, struck his vehicle broadside. He admitted that he did not see the Gaule vehicle at any time prior to impact.
The trial court rendered judgment for the plaintiffs, awarding Mrs. Higgins an aggregate of $3,049.27 and Mr. Stone a total of $4,839.94. The defendant has appealed, specifying three errors:
(a) the failure to find Mr. Stone con-tributorily negligent;
(b) an excessive award in favor of Mr. Stone; and,
(c) an excessive award in favor of Mrs. Higgins.
The defendant’s argument in support of the charge of contributory negligence is somewhat difficult to follow. It is, for example, couched in terms of who “had the last clear chance,” an inquiry appropriate only to the determination of liability after contributory negligence has already been found. In any event, whether Stone saw Mrs. Gaule or not, the charge of contributory negligence seems ill founded. As this court observed in Otillio v. Dolese, La.App., 236 So.2d 646, rendered June 1, 1970:
“ * * * Even had plaintiff seen the Dolese vehicle approaching the intersection, he would have been entitled to rely upon the assumption that Michael Dolese would respect his right-of-way. Moreover, he would have been entitled, in reliance on this assumption, to proceed through the intersection or until it became clear to him that Dolese was not going to obey the law.
“Our law plainly supports a favored motorist who so proceeds and it is well settled that entering an intersection in reliance upon the duties of intersecting traffic to respect a superior right-of-way is not to be construed as contributory negligence. Indeed, our Supreme Court specifically limits such a conclusion to ‘ * only those exceptional circumstances where the motorist on the favored street could have avoided the accident by the exercise of the slightest sort of observation and care * * * ’. Bourgeois v. Francois, 245 La. 875, 161 So.2d 750 (1964).”
For these reasons, we concur in the assessment of liability.
We also concur in the sums fixed as damages. Mrs. Higgins suffered, in addition to the usual problems posed by cervi *904 cal injury, an aggravation of pre-existing arthritic process. Arthritic changes are painful and the extent of aggravation amply supports the award granted by the trial court. Certainly, there seems no basis for a charge of manifest error. LSA-C.C. Art. 1934; Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127.
The charge that the award granted Mr. Stone is excessive stands upon different grounds. It is predicated upon a persistent challenge to credibility, with reference to both special and general damages. We see no manifest error in the credibility and weight given his testimony by the court below. Indeed, such questions lie particularly within the discretion and judgment of the trial judge. Accordingly, we see no basis for reversal.
For the above reasons, the judgment appealed from is affirmed.
Affirmed.