270 So.2d 893 (1972)
Eugene DiPAOLA, Individually and as the natural tutor of/and for the Use and Benefit of his minor daughter, Sharon
v.
Joachim O. FERNANDEZ.
No. 5168.
Court of Appeal of Louisiana, Fourth Circuit.
December 7, 1972.
Rehearing Denied January 15, 1973.
*894 Frank S. Bruno, New Orleans, for plaintiff-appellant.
Peter G. Burke, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, for Joachim O. Fernandez, defendant-appellee and cross-appellant.
Stephen T. Victory, New Orleans, for State Farm Mutual Automobile Ins. Co. and (Eugene DiPaola, defendant in reconvention) defendant and third party defendant-appellee.
Before SAMUEL, CHASEZ and STOULIG, JJ.
CHASEZ, Judge.
Plaintiff, Eugene DiPaola, individually and on behalf of his minor daughter, Sharon DiPaola, instituted this suit against Joachim O. Fernandez to recover damages for injuries suffered by Sharon DiPaola allegedly received in an automobile accident. Defendant answered and filed a reconventional demand against Eugene DiPaola as the father of Michael W. DiPaola, and additionally made State Farm Mutual Automobile Insurance Corporation (hereinafter referred to as State Farm) a third party defendant as the insurer of Eugene and Michael DiPaola. Michael DiPaola was the driver of his father's car in which Sharon DiPaola was riding.
State Farm answered and filed a reconventional demand against Joachim Fernandez for expenditures paid to Eugene DiPaola under a claim for damages.
The accident occurred on June 14, 1967 and the suit was filed on September 28, 1967. However, on August 31, 1970 the insurer of Joachim Fernandez was declared insolvent, subsequently on February 3, 1971 plaintiff filed a supplemental and amending petition alleging an uninsured motorist claim against State Farm. Plaintiff additionally filed a second supplemental and amending petition alleging in the alternative that if Michael DiPaola was found negligent then State Farm as his insurer is responsible for damages to Sharon DiPaola as his guest passenger.
Exceptions of prescription and no cause of action and a motion for Summary Judgment filed in the lower court by State Farm were referred to the merits by the trial judge.
After trial on the merits the lower court rendered judgment dismissing plaintiff's suit against the defendants, Fernandez and State Farm and also dismissed defendant's reconventional demand against Eugene DiPaola and his third party demand against State Farm. From the adverse judgment plaintiff perfected this appeal, while both Fernandez and State Farm filed answers to the appeal.
On June 14, 1967[1] Michael DiPaola was driving an automobile owned by his father *895 and was proceeding on St. Bernard Highway from his home in Poydras, Louisiana in a westerly direction towards the City of New Orleans. Sharon DiPaola, a fourteen year old minor at the time, was with him seated on the right front passenger side of the automobile. Michael DiPaola was taking his sister to a baseball game in which she was to play when it began to rain. Believing that the rain would force cancellation of the game they decided to return home. At the intersection formed by Coffee Drive and St. Bernard Highway, Michael DiPaola, while attempting a "U-turn" stopped in the intersection between the neutral grounds and instructed his sister to roll down her window to enable him to obtain a better view of oncoming traffic. Because of the rain and fogging conditions of the car windows, Michael DiPaola felt this procedure was necessary. Both occupants testified that they looked up the highway where nothing was seen except for two lanes of automobiles that were either stopped or just starting from a stop light located three blocks away near a Kaiser Aluminum Plant, an estimated 500 to 600 feet. Both Michael and Sharon testified that after this momentary stop completion of the U-turn was made into the far right hand lane of the St. Bernard Highway, where, after traversing some 60 to 80 feet, they were struck from behind by the defendant's vehicle.
Fernandez testified that he had stopped at a red light adjacent to the Kaiser Aluminum plant and had traveled the three block distance to the Coffee Drive intersection in the right hand lane at a speed of approximately 35 miles per hour when the plaintiff's car suddenly appeared in front of him. He further testified that because of the rain and the proximity of plaintiff's car the collision was unavoidable even though he applied his brakes on seeing the plaintiff's vehicle turn into his lane.
The lower court determined that defendant was negligent and that Michael DiPaola was contributorily negligent. After a thorough review of the testimony and evidence contained in the record, however, we find that the sole responsibility for the accident was the negligence of Michael DiPaola.
A traffic officer's report submitted into evidence indicated that upon arrival at the scene of the accident the defendant's car was located only a few feet from the intersection in the right hand lane, indicating that the point of impact was either in the intersection or just a few feet therefrom. Michael DiPaola and Sharon DiPaola testified that defendant moved his car after the accident, backing it into the intersection. This testimony is highly suspect, however, in light of the damage done to the defendant's car. Both front tires were blown out, the radiator was shoved into the fan and the vehicle's battery was cracked in half, necessitating the use of a tow truck to remove defendant's automobile from the scene of the accident. We are convinced that defendant's car was inoperable immediately after the accident and therefore could not have been moved as testified.
We also find from the pictures of plaintiff's vehicle that the right rear side thereof and the trunk were damaged, the left rear side receiving little or no damage; indicating that plaintiff's automobile had nearly but not fully completed the U-turn when the collision occurred and the point of impact was the immediate vicinity of the intersection.
The defendant in this case did not see the other vehicle in the intersection, but even if he had he would be entitled to rely on the presumption that the other vehicle would respect his right of way. Otillio v. Dolese, 236 So.2d 646 (La.App., 4th Cir., 1970).
The primary duty of avoiding a collision rests with the driver of a vehicle entering a public highway from a secondary roadway, or in this case, a neutral ground intersection, and such a driver is *896 required to keep a lookout for vehicles upon the highway and to desist from entering until it is apparent to a reasonably prudent person that such can be done safely. LSA-R.S. 32:124; Duplechien v. McNabb, 260 So.2d 789 (La.App.4th Cir., 1972).
We cannot find negligence by the defendant and, accordingly, that part of the judgment relating to defendant's reconventional demand is reversed.
The next consideration for our determination is whether or not plaintiff can recover from State Farm. State Farm was sued in two capacities, with the first relating to the uninsured motorist provision contained in State Farm's insurance policy giving coverage to Eugene DiPaola and his son, Michael DiPaola; and secondly, plaintiff filed suit against State Farm and Michael DiPaola alleging that the accident was caused by the sole negligence of Michael DiPaola and that Sharon DiPaola as a guest passenger is therefore entitled to recovery for her injuries against State Farm.
The first issue regarding the uninsured motorist provision arises because of the insolvency of Fernandez's insurance company on August 31, 1970, which occurred three years after the accident. Because of this three year period State Farm filed an Exception of No Cause of Action based on provisions contained in the policy as issued. Under the uninsured motorist coverage the policy specifically defines an "uninsured automobile" as an automobile or trailer on which there is "* * * no bodily injury liability bond or insurance policy applicable at the time of the accident" * * * or is one "* * * with respect to which there is a bodily injury liability bond or insurance policy applicable at the time of the accident but the company writing the same denies coverage thereunder or becomes insolvent within one year after such accident * * *."
We find that since the insurer of Fernandez did not become insolvent until three years after the accident the policy does not become applicable and defendants' exception of no cause of action is therefore deemed proper.
Originally, the trial judge dismissed the plaintiff's claim against State Farm by reason of Sharon DiPaola's contributory negligence. We do not need to decide the viability of this determination because we find that plaintiff's action against the defendants, Michael DiPaola and his insurer, State Farm, has prescribed.
Suit was originally and timely filed against defendant, Joachim Fernandez, but plaintiff did not make Michael DiPaola and his insurer, State Farm, defendants until April 27, 1971 by a second and supplemental amending petition. Although titled and amending petition, its effect was to introduce two additional defendants who were not parties to the original action.
It is well settled that a suit timely filed against one defendant does not interrupt prescription against another defendant unless the two were bound solidarily for the damages incurred by the plaintiff. See Ward v. Aucoin, 222 So.2d 628 (La.App., 4th Cir., 1969) and cases cited therein.
In the present case the finding of no negligence by Fernandez precludes the conceivability of the existence of joint tort-feasors. We are therefore convinced that plaintiff's action against Michael DiPaola and State Farm Mutual Automobile Insurance Company is prescribed and, accordingly, plaintiff's suit against them is dismissed.
The only remaining question relates to the reconventional demand for damages by Fernandez against Eugene DiPaola and State Farm. Defendant alleged in his reconvention and third party demand that he paid the sum of $50.00 for the repair of the vehicle as a result of damage incurred in the collision. However, the record is devoid of any evidence indicating that said sum was ever expended *897 by him. A plaintiff in reconvention must establish his claim to the same extent that a plaintiff suing on the main demand must do. We therefore find that the reconventional demand must be dismissed for failure of Fernandez to carry the burden of proof necessary to establish his claim.
For the above and foregoing reasons the judgment of the lower court is modified to reflect the determinations hereinabove set forth and as modified, affirmed.
Affirmed.
NOTES
[1] The time of the accident is uncertain from the record, however, it is apparent that the collision occurred some time in the afternoon between 3:00 P.M. and 5:00 P.M.