GULOTTA, Judge.
This is a suit for damages and injuries resulting from an automobile accident which occurred on June 8, 1968 in the inbound traffic lane of Veterans Highway in Jefferson Parish in the area of the West-gate Drive In Theater. The facts are that plaintiff, Mrs. Paula Zappala, with two children occupants of the car, after leaving the theater located on the north (lake side) of Veterans Highway, had crossed the west or outbound lanes of the highway and was in the protected neutral ground[1] area preparatory to negotiating a left turn into the eastbound lanes of Veterans Highway. After waiting for oncoming traffic to clear, plaintiff made a left turn onto Veterans Highway and proceeded east in the right traffic lane after having crossed the left inbound lane whereupon the rear of plaintiff’s automobile was struck by the vehicle driven by defendant, Pervis T. Co-meaux, who was also traveling east on Veterans Highway.
From a jury award in the sum of $12,000.00, defendants appeal.
Reversal is sought on the grounds that plaintiff was negligent in entering an intersection without first having ascertained the favored thoroughfare was clear of oncoming traffic. According to defendant Comeaux, he was traveling on Veterans Highway at a speed of 30-35 mph[2] when plaintiff turned into the highway directly in front of the path of his automobile. Comeaux further testified he was unable to avoid the accident and struck the rear of plaintiff's vehicle. He supports this contention with the suggestion that the impact occurred immediately after plaintiff had negotiated the turn and while plaintiffs’ automobile was still in the intersection.
It is plaintiffs’ version, on the other hand, that Mrs. Zappala had successfully negotiated the turn after having gone a distance of about 65 feet from the time she commenced her forward motion, and de *906 fendant’s excessive speed and inattention to traffic traveling in front of him was the proximate cause of the accident. Plaintiffs dispute defendant’s suggestion that the accident occurred in the intersection, claiming Mrs. Zappala had traveled approximately 15 feet beyond the intersection when the impact occurred. Plaintiffs further suggest alternatively that in the event she is negligent, the defendant had the last clear chance to avoid the accident.
In issue also is the excessiveness of the award in the sum of $12,000.00.
The record does not contain any indication that the jury was presented or answered any interrogatories from which we might ascertain the jury findings which form the basis of their verdict. We are, therefore, unable to ascertain whether the jury concluded plaintiff was free from negligence., or whether they concluded she was either negligent or contributorily negligent and defendant had the last clear chance to avoid the accident. We are mindful, however, these conclusions are based on factual determinations requiring a finding of manifest error for reversal.
Nevertheless, in the instant matter, the record is clear that those findings are manifestly erroneous. A consideration of plaintiff’s action is critical in the ultimate disposition of this matter.
Mrs. Zappala’s testimony alone establishes negligence on her part which was a proximate cause of the accident. She stated after having stopped at the neutral ground cut-in, and before making a left turn into Veterans Highway, she saw the headlights of one automobile approaching about two blocks away[3] in the left eastbound traffic lane of Veterans Highway. She then turned into the right lane of the highway and traveled approximately 15 feet past the intersection when she was struck in the rear by the Comeaux automobile.
It is undisputed the accident occurred in the right traffic lane, and defendant, Co-meaux, was not traveling in excess of the speed limit. The point of impact in-relation to the intersection, however, is in dispute. Plaintiff suggests the impact occurred 15 feet past the intersection. Defendant insisted it occurred in the intersection (i. e., the distance between the neutral ground). Notwithstanding, however, a distance of 15 or 20 feet cannot change the inevitable conclusion that plaintiff drove her automobile directly in front of the path of defendant’s oncoming vehicle. Plaintiff failed to exercise proper precaution in entering a favored thoroughfare without ascertaining the maneuver could be made in safety. This failure to exercise proper diligence constitutes negligence which was the proximate cause of the accident.
In the recent case of DiPaola v. Fernandez, 270 So.2d 893 (La.App. 4th Cir. 1972), involving similar factual circumstances where a driver pulled out of an intersection and into a favored street and was struck from behind almost immediately, the court found the driver entering the favored street to be the proximate cause of the accident.
We said on pages 895 and 896 of DiPaola that:
“The defendant in this case did not see the other vehicle in the intersection, but even if he had he would be entitled to rely on the presumption that the other vehicle would respect his right of way. Otillio v. Dolese, 236 So.2d 646 (La.App. 4th Cir. 1970).
“The primary duty of avoiding a collision rests with the driver of a vehicle entering a public highway from a secondary roadway, or in this case, a neu *907 tral ground intersection, and such a driver is required to keep a lookout for vehicles upon the highway and to desist from entering until it is apparent to a reasonably prudent person that such can be done safely. LSA-R.S. 32:124; Duplechien v. McNabb, 260 So.2d 789 (La.App. 4th Cir., 1972).”
The DiPaola case is controlling in the instant matter.
However, plaintiff suggests if she is negligent, defendant had the last clear chance to avoid the accident and failed to do so. Mrs. Zappala argues that, after defendants saw her automobile in the right lane in front of his vehicle, he had ample opportunity to bring his automobile to a safe stop, thereby avoiding the accident. We find no support from the record for plaintiff’s argument. There is no indication that, after defendant discovered the peril, he had a reasonable opportunity to avoid the accident.[4] The deposition of defendant Comeaux was quite to the contrary. He stated upon seeing plaintiff’s vehicle in his path, which was 15 or 20 feet or two car lengths in front of him, he applied his brakes but was unable to stop in time to avoid the accident. Plaintiff could not and did not testify how defendant could have extricated himself or plaintiff from the peril.
While we are hesitant to disturb the jury findings of fact, nevertheless, when those findings are clearly erroneous, it is our duty to set them aside. Lewis v. Travelers Insurance Company, 247 So.2d 635 (La.App. 3rd Cir. 1971).
Accordingly, the verdict and judgment is reversed and set aside. Judgment is now rendered dismissing plaintiffs’ suit at their costs.
Reversed and rendered.

. Veterans Highway at this point consists of two incoming and two outgoing lanes, as well as a turning lane divided by a neutral ground area wide enough to accommodate the length of a stopped automobile.

. Deputy Sheriff, Milton Rodriguez, the investigating officer, testified Comeaux stated at the scene he was traveling at the speed limit (40 mph).

. When asked to estimate the distance in feet, she said about twice the distance of the length of the courtroom.

. Sorrell v. Allstate Insurance Company, 179 So.2d 499 (La.App.3rd Cir. 1965); Vidrine v. American Employers Insurance Company, 189 So.2d 727 (La.App.3rd Cir. 1966).