STOULIG, Judge.
Plaintiff, Alvin Joseph Robin, filed a personal injury action against Edith Jones German and her liability insurer, The Travelers Insurance Company, alleging he incurred $123,063 in general and special damages as the result of an intersectional collision caused by the negligence of the defendant driver. Defendants, in their answer, averred the accident resulted from plaintiff’s negligence, and alternatively pleaded contributory negligence.
At the time the accident occurred, Robin was driving a truck owned by his employer and was acting in the course and scope of his employment. Plaintiff filed a workmen’s compensation claim against the Insurance Company of North America, his employer’s compensation insurer, which was settled for $1,385.85. The compensation carrier intervened in this proceeding to be reimbursed for the sum paid in settlement of the compensation claim should plaintiff prevail in this case.
The trial judge awarded damages of $750 against the defendants and decreed the intervenor should be paid the entire proceeds by preference. The plaintiff has appealed. The defendants have answered the appeal. Intervenor filed a separate appeal.
The issues before us are (1) the fixing of liability based on a finding that defendant driver’s negligence was the proximate cause of the accident; (2) the reasonableness of the quantum of damages awarded; and (3) the intervenor’s recovery of the entire award.
On the question of fault, all the testimony, including that of defendant driver, preponderates to the effect that she was the sole proximate cause of the accident. It is not disputed the accident occurred on August 23, 1967 in the intersection of N. Gal-vez and Lafitte Streets in the City of New Orleans. At this site N. Galvez Street is a multilane thoroughfare divided by a wide neutral ground. Each roadway of N. Gal-vez Street has a parking lane and two lanes for moving traffic. Lafitte Street is *577 an undivided street with one lane designated for lake-bound traffic, and the other for river-bound vehicles. Stop signs are posted for Lafitte Street at this intersection.
According to defendant, she was driving on Lafitte Street in a lake-bound direction. Upon reaching the N. Galvez Street intersection, she stopped in obedience to the stop sign and then crossed the lanes of N. Galvez Street designated for downtown traffic. As she traversed the neutral ground, she looked to her right before entering the other side of N. Galvez Street, or the lanes accommodating uptown traffic. Admittedly Mrs. German did not come to a complete stop in the neutral ground area. Thinking she could safely traverse the remainder of the intersection, she continued across.
At the same time, plaintiff was driving his truck on N. Galvez Street in an uptown direction. As he approached the intersection of Lafitte Street, the defendant’s vehicle slowly moved from the neutral ground section across his path of travel. In spite of plaintiff’s vigorously applying his brakes (leaving some 47 feet of skid marks) and veering to his right, he struck the side of defendant’s automobile. The point of impact was approximately between the parking and the right moving lanes of N. Galvez Street.
Even had Robin seen the defendant’s vehicle as it entered the neutral ground area, there is no evidence to establish he should have been apprised defendant would fail to yield the right of way to which plaintiff was entitled. When Robin did become aware of defendant’s negligent maneuver, he did not have sufficient time to avoid the collision. Defendant testified she did not see the plaintiff’s vehicle until after the impact. Thus her negligence lies in her failure to see what she should have seen, i. e., the plaintiff’s approaching vehicle, and in not yielding to the favored motorist. See Otillio v. Dolese, 236 So.2d 646 (La.App. 4th Cir. 1970). Next we consider quantum. The trial judge gave a minimal award on a finding that plaintiff failed to prove the serious injuries he allegedly sustained were actually caused in the August 23 collision. After a careful review of the evidence, we fully agree.
Exactly one month later (September 23, 1967), plaintiff was involved in a second accident. While driving his employer’s truck, he ran into the right front half of a parked car.
Although plaintiff claims to have suffered severe head, neck and back pains after the August accident, he did not find his way to a doctor until October 25, 1967. He missed no more work after the August accident than he had missed previously, and it was not until the second week in October 1967 that plaintiff’s absence from work increased.
Of the six doctors who testified, some of whom treated plaintiff for his complaints of neck, back and head pain, not one medical expert testified that these complaints of injury were causally connected with the accident. In fact, Dr. Joseph Dugas, to whom plaintiff was referred by his attorney in January of 1968, stated that to attribute the injury to either accident would be purely speculative. He testified that if a man had been involved in two accidents and had worked until one month after the second, it would “ * * * certainly lessen the likelihood that the first trauma was a substantial cause of his injuries.”
In written reasons for judgment, the trial judge noted the medical experts had not connected the injuries with the August accident with “reasonable medical certainty.”
Plaintiff now argues the trial judge applied a beyond reasonable doubt standard in evaluating sufficiency of proof. We do not agree. When the reasons are read in *578 their entirety, it is apparent the rule of reasonable probability was applied.
Plaintiff cites Mogabgab v. Orleans Parish School Board, 239 So.2d 456 (La.App., 4th Cir. 1970), for the proposition that he need only prove it is probable the injuries were caused by the August 23 accident. That case defines a preponderance of the evidence to mean that it is more likely that a fact exists than that it does not exist. Applying that rule in the instant case does not help plaintiff. Considering the circumstances recited, we think it is more likely the injuries for which plaintiff finally sought medical treatment were not caused by the collision of August 23.
There is evidence that plaintiff suffered very minor injuries in the collision now before us. Plaintiff testified he was unconscious for 45 seconds. The investigating officer stated he complained of a neck and back injury at the scene. For this he was awarded $750. Considering this is within the range of awards for minor injuries, and mindful of the discretion vested in the trial court in assessing damages, we find no reason to disturb this judgment.
Counsel for plaintiff maintains that the proceeds of this judgment should be applied to his fee rather than awarded to the intervenor. He relies on LSA-R.S. 9:5001 granting attorneys a first privilege for their fees on judgments obtained by them. We will not consider this contention because plaintiff’s counsel stipulated in the trial court that the first $1,385.85 of any judgment awarded Robin would be paid to the intervenor by preference.
For the reasons assigned, the judgment appealed from is affirmed. Cost of this appeal is to be borne by appellant.
Affirmed.