DUFRESNE, Judge.
This case involves an automobile accident at an intersection controlled by a traffic light. The intersection in question consisted of a divided four lane highway crossed by a two lane, two-way street. The facts of the case are simple. Mr. Ralph Stovall was stopped at the red light heading south on the two-lane street. When the light turned green, he hesitated for a few seconds to cheek the highway traffic before attempting a left turn into the eastbound lanes of the highway. Being satisfied that the traffic in the right hand lane of the two westbound lanes was stopped, and seeing no traffic in the left westbound lane, he entered the intersection. Unfortunately an eighteen wheel tractor trailer truck that was approaching the intersection in the left westbound lane of the highway at thirty-five miles per hour ran the red light and struck the Stovall car on the driver’s side. Mr. Stovall and his wife, Dorothy were both injured and the car was damaged. McGee testified by deposition that it was in fact Stovall who ran the red light, but this testimony was apparently discounted by the jury.
The Stovalls insurer, State Farm Automobile Insurance Co., eventually paid $7,443.34 for medical and property damage occasioned by the accident.
Two law suits were subsequently filed. In the first, the Stovalls sued William McGee, driver of the truck, Tom Hicks Transfer Co., owner of the truck and employer of McGee, and Empire Fire and Marine Insurance Co., insurer of Hicks. Hicks and Empire responded with a third party claim against Stovall and State Farm for injuries suffered by Mrs. Stovall.
In the second suit, the Stovalls and State Farm sued only McGee and Hicks for Sto-vall’s $100 deductible and the $7,443.34 paid by State Farm.
The cases were consolidated, and after a jury trial on the merits, judgment was entered in favor of Ralph Stovall and against Hicks and Empire in solido for $35,400; in favor of Dorothy Stovall and against Hicks and Empire in solido for $1,500; and in favor of State Farm and against Hicks and Empire in solido for $7,443.34, defendants to pay all costs. No service of process ever having been made on McGee, all claims against him were dismissed.
Hicks and Empire, appellants, now bring this appeal.
Appellants allege first that the trial court erred in denying their motion for a directed verdict, and second, that the jury verdict was erroneous as a matter of law. As we hold that the jury verdict was not contrary to law, we necessarily uphold the trial court’s denial of the motion for a directed verdict.
Appellant’s basic contention is that because Stovall failed to see what he should have seen, i.e., the approaching truck, he was necessarily contributorily negligent. We note initially that because the events giving rise to this claim occurred before August 1, 1980, the date Louisiana’s comparative fault scheme went into effect, negligence on plaintiff’s part would bar recovery if it were shown that this negligence was a proximate cause of the accident. To resolve this negligence question, we need look no further than the jury’s verdict: it found Stovall negligent, but it also found that this negligence was not a proximate cause of the accident. We find nothing erroneous in this determination.
It is the law of this state that when a favored motorist enters an intersection he may rely on the duty of intersecting traffic to respect his right of way. Bourgeois v. Francois, 245 La. 875, 161 So.2d 750 (1964); *836 Otillio v. Dolese, 236 So.2d 646 (La.App. 4th Cir.1970). We further point out language in the Bourgeois case to the effect that only in exceptional circumstances where a favored motorist could have avoided an accident by the slightest sort of observation or care can he be found contributorily negligent. Cf. Rome v. D’Antoni, Inc. 246 So.2d 331 (La.App. 1st Cir.), writ refused, 247 So.2d 864 (1971).
Here, the facts show that Stovall was particularly circumspect in waiting at the green light for a few seconds before entering the intersection. That he failed to see the approaching truck was negligence, but had he seen the truck, he would still have been without fault in assuming that the truck would honor his right of way. The jury apparently concluded that the proximate cause of the accident was thus the truck driver’s failure to stop at the red light, and not Stovall’s failure to see the truck. As the verdict was a reasonable assessment of the evidence, and supported by law, we affirm the jury’s decision.
Appellants’ third contention is that because the jury failed to answer two interrogatories apportioning the loss suffered by State Farm between medical bills and auto damage paid on Stovall’s account, and medical bills paid on his wife’s account, the judgment in favor of State Farm in the amount of $7,443.34 was not a part of the jury verdict, and therefore must be reversed. This contention is also without merit.
There was general agreement by all counsel of record during the course of the trial that State Farm paid out some $7,000 on account of the accident. There was further agreement that the exact total amount would be supplied to the jury after the parties resolved some minor discrepancies in the final figure. At the close of evidence, the jury was instructed without objection that the proper figure was $7,443.34. We must conclude, therefore, that this figure was correct and agreed to by all parties.
Appellants’ contend, however, that even were the figure correct, the jury’s failure to fill in any amounts with respect to State Farm’s claim for reimbursement indicates that they did not find State Farm entitled to such reimbursement. They fail to note, however, that at the close of the trial the judge stated:
“[The] Court will prepare a judgment in accord with the verdict with medical expenses proportioned in accord with the jury’s findings.”
This court can only conclude that the trial judge determined that the reason the jury did not fill in the two amounts owing to State Farm was because they had • been given only one figure as to State Farm’s claim. The interrogatories, on the other hand, called for two figures; one for Sto-vall, and one for his wife. Because of this confusion, the jury evidently left both spaces blank, and the judge was correct in deciding to apportion the agreed upon figure between the medicals pursuant to the jury verdict establishing liability on the part of Hicks and Empire. He was equally correct in rendering final judgment in a lump sum for the full amount because once liability was established there was no point in apportioning the damages owing to State Farm under the subrogation clauses of its policy issued to Stovall.
We finally note that the interrogatories called for two figures because Hicks and Empire had made third party demand against Stovall and State Farm alleging that Stovall’s negligence was a contributing cause of his wife’s damages. Had Stovall been found contributorily negligent, then he, Hicks and Empire would have been jointly liable as to Mrs. Stovall’s claims, and a separate assessment of her medicals would have been called for. However, as Hicks and Empire were found totally liable, no division of the Stovalls’ damages compensated by State Farm was necessary. Thus, the lump award, based on the jury’s finding of liability was proper.
Appellant Empire’s final argument in regard to this $7443.34 reimbursement is that the trial court erred in giving judgment against Empire in solido with' Hicks because State Farm did not sue Empire for *837 that amount in the second suit. Empire thus contends that Hicks should be solely liable to State Farm for this part of the judgment. Empire fails to mention, however, that it made State Farm a third-party defendant in the first suit brought by the Stovalls against McGee, Hicks and Empire. In its answer to the third party demand, State Farm averred that Hicks and Empire were responsible for all damages occasioned by the truck driver’s negligence, and sought all general and equitable relief.
Evidence was adduced at trial without objection by Empire to show a loss by State Farm of $7,443.34. LSA-C.C.P. art. 1154 provides that when “issues not raised in the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.” This rule applies to quantum in claims for special damages Townsend v. Gleve Heyl Chevrolet-Buick, Inc., 318 So.2d 618 (La.App. 2nd Cir.1975), Sterkx v. Gravity Drainage Dist. No. 1 of Rapides Parish, 214 So.2d 552 (La.App. 3rd Cir.1968).
Here, Empire stipulated in its pre-trial insert in the first suit that it was the accident liability insurer of Hicks. At trial all parties agreed that State Farm suffered a loss of $7,443.34 on account of the accident for which Hicks and Empire were found liable. No objection was made by Empire to the admission of this fact, even though this evidence was clearly inadmissable under the pleadings of the first case which contained no prayer by State Farm for special damages, and would have been excluded had objection been made. We are aware that the evidence was admissable under the pleadings of the second ease, but hold nonetheless that Empire’s failure to object to it as it pertained to the first case resulted in an amendment of the pleadings therein as provided in LSA-C.C.P. art. 1154. State Farm’s answer to the third-party demand was thus clearly amended to specify the quantum of special damages sought from Empire and Hicks in that answer. We therefore conclude that Empire was properly east in judgment in solido with Hicks for reimbursement to State Farm.
The final issue on appeal is whether the trial judge erroneously admitted the depositions of the Stovalls into evidence.
LSA-C.C.P. art. 1450 permits the use of depositions to impeach a deponent’s credibility at trial. It further provides that when one party introduces parts of a deposition, the opposing party may introduce any other part which in fairness should be considered with the part introduced.
In this case, appellants made extensive use of the depositions of Stovall and his wife to try to impeach the credibility of Stovall. Because the use was so extensive, the trial judge allowed plaintiffs to introduce the entire depositions so the jury would not be misled as to what was actually said at the taking of those depositions. We find no error in this ruling as it comes well within the provisions of art. 1450 as to what should fairly be considered in depositions when parts of those depositions have been introduced by a party.
For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.