JiSCHOTT, Chief Judge.
Plaintiff, Rose Holton, and the Louisiana Insurance Guaranty Association (LIGA) have appealed from a summary judgment in favor of State Farm Mutual Automobile Association dismissing plaintiffs suit. The issue is whether State Farm provides uninsured motorist (UM) coverage to its insured, plaintiff, under the circumstances of this case where LIGA has been substituted for an insolvent liability insurer of the party who allegedly caused the accident.
In August 1989, plaintiffs automobile was struck by an automobile driven by Earl Brown, owned by Sharia Black, and insured for liability by American Surety & Fidelity Insurance Company (American). Plaintiff originally filed suit against Brown, Black, American, and State Farm. In 1991, she dismissed her suit against State Farm without prejudice alleging that American’s policy *7 limits were “sufficient.” However, in July 1992 when American was placed into liquidation, plaintiff added LIGA as a defendant and brought State Farm back into the suit.
State Farm’s policy provided $10,000 of UM coverage to Horton and contained the following pertinent provisions:
|2We will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle....
Uninsured Motor Vehicle — means:
1. a land motor vehicle, the ownership, maintenance or use of which is:
[[Image here]]
b. insured ... for bodily injury liability at the time of the accident; but
(1) the limits of liability are less than required by the financial responsibility act of the state where your car is mainly garaged; or
(2) the insuring company denies coverage or is or becomes insolvent within one year after the accident; or
(3) the limits of liability;
(a) are less than the amount of damages the insured is legally entitled to collect for bodily injured, or ...
All arguments in the trial court and in this court concerned provision (l)(b)(2) relative to the insolvency of American which took place more than a year after the accident. The provision clearly provides UM coverage in the situation where the other driver had liability insurance when the accident occurred but his insurer becomes insolvent within one year after the accident. Conversely, as in this case, when the insurer becomes insolvent more than a year after the accident this provision does not provide UM coverage.
In DiPaola v. Fernandez, 270 So.2d 893, 896 (La.App. 4th Cir.1972), this court found that there was no UM coverage in circumstances almost identical to this case. Appellants contend that a different result should be reached in this case in the light of Segura v. Frank, 630 So.2d 714 (La.1994). We are not persuaded by this argument because the facts of the present case are Uunlike those in Segura.
In Segura there was a dispute between LIGA as the substitute for an insolvent liability insurer and a UM insurer as to whose coverage would first have to be exhausted before the other’s would apply. (The case contained consolidated cases but the issue was the same in each). When the case was tried below, the law as contained in R.S. 22:1386 and as interpreted in Hickerson v. Protective National Insurance Co., 383 So.2d 377 (La.1980) provided for exhaustion of LIGA’s exposure before the UM coverage would apply. By act 130 of 1990, the UM carrier was placed ahead of LIGA and by Act 237 of 1992 this result was to apply to claims pending on the effective date of the act. The court found no constitutional difficulty with applying the act retroactively to the claims pending in Segura because of public policy considerations with respect to LIGA and UM coverage.
In the Segura cases, there was viable UM coverage in existence and the statutory changes had to do with the priming of coverage as between LIGA and the UM insurers. In the present case, there is no basis for UM coverage under the insolvency provision of the policy because insolvency did not occur within a year after the accident. Appellants would stretch Segura to authorize the creation of insurance coverage where there is none. For these reasons, the judgment of the trial court is correct insofar as the insolvency provision of State Farm’s policy is concerned. However, the problem does not end here.
By reference to the policy provisions quoted above, there remains the possibility that State Farm provides UM coverage under paragraph (l)(b)(3) of Section III of its policy. This provision which is disjunctive from and independent of the insolvency provision provides for UM coverage when the other automobile is insured, but the limits of liability are less than the amount of damages the insured is legally entitled to collect for bodily injury. In this Lease, American’s limits were $10,000. The amount of plaintiffs damages are unknown. Thus, there is a genuine issue of material fact as to State *8 Farm’s UM coverage under (l)(b)(3). If plaintiffs damages exceed $10,000, this part of the policy affords coverage. If her damages are less than $10,000 this part of the policy affords coverage. If her damages are less than $10,000 there is no UM coverage.
Accordingly, the summary judgment in favor of State Farm is reversed and set aside and the case is remanded to the trial court for further proceedings consistent with this opinion. All costs of this appeal are assessed against State Farm with the assessment of the balance of costs to await the outcome of the case.

REVERSED AND REMANDED.