hCANNELLA, Judge.
The Louisiana Insurance Guaranty Association (LIGA) appeals from a summary judgment granted in favor of State Farm Mutual Automobile Insurance Company (State Farm), holding that LIGA, in place of defendant’s insolvent liability insurer, was primarily liable in damages to plaintiffs, Russell L. Rudolph, individually and as tutor of his minor daughters, Sarah Rudolph and Danielle Rudolph, rather than State Farm, which provided uninsured/underinsured motorist (UM) coverage to plaintiffs under circumstances not present here. For the reasons which follow, we affirm.
Plaintiffs filed suit against defendants, Dennis Weckesser and his liability insurer, American Surety Fidelity Insurance Company (American), for injuries in an automobile accident that occurred on May 8,1989. Subsequently, American was declared insolvent and its liquidation order Iswas effective July 8, 1992. Thereafter, plaintiffs amended their petition to add as defendants LIGA, the successor in interest to American, and State Farm, them UM carrier. By stipulation, the parties conceded that plaintiffs’ claims jointly do not exceed the $20,000 American policy limits and no one individual claim of the plaintiffs exceeds the $10,000 limits.
Pertinent to the issue before the court is the language contained in the UM section of the State Farm policy. The State Farm policy provided UM coverage where the insured was legally entitled to collect damages from the owner or driver of a vehicle that was insured at the time of the accident, but the insuring company is or becomes insolvent *1159 within one year after the accident. Based on the above policy language, State Farm filed a motion for summary judgment, arguing that they had no liability to plaintiffs under the circumstances presented. That is, American’s insolvency occurred more than three years after the accident and damages stipulated are within the American liability limits ($10,000/$20,000), now covered by LIGA.
In response, LIGA also moved for a summary judgment. It argued that under the Supreme Court decision in Segura v. Frank, 93-1271, 93-1401, (La. 1/14/94), 630 So.2d 714, cert. denied, — U.S. -, 114 S.Ct. 2165, 128 L.Ed.2d 887 (1994), which applied La.R.S. 22:1386 as amended by Act 237 of 1992 retroactively, requiring a claimant to exhaust all other insurance coverage before collecting from LIGA, the State Farm UM coverage should be held primary to the LIGA coverage. The trial court, disagreeing with LIGA’s position, granted State Farm’s summary judgment and dismissed them from the case. After LIGA’s motion for new trial was denied, LIGA appealed.
Here, LIGA argues, as it did in the trial court, that based on the 1992Lamendment to La.R.S. 22:1386, requiring a claimant to exhaust all other insurance coverage before collecting from LIGA, and the Supreme Court decision in Segtvra, applying that statute retroactively to all pending claims, this court should find State Farm, the UM insurer, primarily liable to plaintiffs for their damages. We disagree, finding Segura distinguishable.
At the time that the State Farm policy was issued and the accident occurred, the UM provision in the policy, limiting coverage to instances where the tort feasor’s liability insurer becomes insolvent within one year of the accident, was valid. La.R.S. 22:1406(D)(3) prior to its repeal in 1990 by Act 634 of 1990; LaSalle v. Kubelka, 544 So.2d 523 (La.App. 5th Cir.1989); DiPaola v. Fernandez, 270 So.2d 893 (La.App. 4th Cir. 1972).
The part of La.R.S. 22:1406 which permitted such a limitation on UM coverage was not repealed until 1990, by Act 634 of 1990, effective September 9, 1990, over a year and a half after the accident. Thus, based on the insurance contract between the parties, State Farm would have only provided UM coverage for the May 8,1989 accident, if American was insolvent-prior to May 8, 1990. After that date, there was no UM coverage provided under the policy, in the event that American became insolvent.
LIGA nevertheless argues, relying on Seg-ura v. Frank, supra, that State Farm should be liable for plaintiffs’ damages before LIGA is held liable. We find that LIGA’s argument lacks merit because the facts of the present case, in critical respects, are distinguishable from those in Segura, i.e., under the UM policy in this case, there is no UM coverage.
In Segura, there was a dispute between LIGA, as the substitute for the tort feasor’s insolvent liability insurer, and plaintiffs UM insurer, as to whose coverage must be exhausted before the other’s would apply. Prior to |5amendment in 1990, La.R.S. 22:1386, as interpreted in Hickerson v. Protective National Insurance Co., 383 So.2d 377 (La. 1980), provided for exhaustion of LIGA’s exposure before the UM coverage would apply. Effective September 7,1990, La.R.S. 22:1386 was amended by Act 130 of 1990, to place the UM coverage ahead of LIGA liability. Under the 1990 version of La.R.S. 22:1386, there was no question but that a plaintiff had to exhaust his own insurance coverage (UM) before he could recover from LIGA. However, the question soon arose whether the 1990 amendment applied retroactively.
In Act 237 of 1992, effective June 10, 1992, the Legislature reenacted La.R.S. 22:1386, unchanged except to add § 3, which provided:
This Act shall apply to all covered claims as defined in R.S. 22:1379, pending on or arising after the effective date of this Act.
The Louisiana Supreme Court granted writs in two cases, Segura v. Frank, and Rey v. Guidry, and consolidated them, to resolve a split of opinion among the circuits as to whether the 1990 and 1992 amendments to La.R.S. 22:1386 could be applied retroactively to accidents which occurred before the *1160 effective dates of the amendments. 620 So.2d 822 (La.1993).[1]
The Louisiana Supreme Court concluded that the 1990 amendment to La.R.S. 22:1386 was a substantive change that could not be applied retroactively because the Legislature had not expressed its intent that the amendment be applied retroactively. However, the court further concluded that the 1992 amendment, with the Legislative expression that it be applied retroactively, could be so applied. The court ruled that the 1992 |6amendment, although substantive and resulting in the impairment of contractual obligations, could be applied retroactively as expressly provided by the Legislature. The provision was justified by the significant and legitimate public purpose of protecting citizens from economic harm. The adjustment of the rights and responsibilities between the contracting parties is based upon reasonable conditions and is of a character appropriate to the public purpose justifying the legislation’s adoption.
Segura is distinguishable from the instant case. In Segura, there was viable UM coverage in existence and the statutory changes had to do with the priming of coverage between LIGA and the UM insurer. In this case, there is no basis for UM coverage under the insolvency provision of the State Farm policy because the insolvency did not occur within a year after the accident. LIGA, in its argument in brief, is inviting this court to stretch Segura to create UM coverage where, under the policy, there is none. We decline the invitation.
The policy provision, limiting UM coverage to cases where the tortfeasor’s liability insurer becomes insolvent within one year of the accident, was authorized by law at the time that the policy was issued and when the accident occurred. La.R.S. 22:1406(D)(3), prior to the 1990 amendment. In 1990 this statute was amended and section (3) was deleted, making it impermissible thereafter to so limit UM coverage. However, there was no legislative expression of intent that the 1990 amendment to La.R.S. 22:1406(D)(3) be applied retroactively. It was a substantive change in the law, establishing new rules, rights or duties and changing existing ones. It effected the contractual obligations between parties as well as vested rights. Under Segura and La.C.C. art. 6, since frthe Legislature did not express an intent in Act 634 of 1990 that the amendment apply retroactively, it can only be applied prospectively.'
Therefore, we find that the 1990 amendment to La.R.S. 22:1406(D)(3), making it impermissible for the UM insurer to limit coverage to instances where the tortfeasor’s liability insurer becomes insolvent within one year of the accident, is a substantive change in the law which cannot be applied retroactively to impair contractual obligations and effect vested rights. Segura is not disposi-tive of this case because here there is no UM coverage and the issue presented is not merely which coverage UM or LIGA, primes, but whether UM coverage can be retroactively created where there is none. Thus, we conclude that under the circumstances presented here, State Farm, as the UM insurer, is not liable to plaintiffs for the damages they sustained.[2]
Accordingly, for the reasons stated above, we affirm the summary judgment of the trial court in favor of State Farm, dismissing them from the case.

AFFIRMED.

. In Rey v. Guidry, 618 So.2d 425 (La.App. 5th Cir.1993), the Fifth Circuit concluded that the 1992 amendment applied retroactively. However, in Segura v. Frank, 615 So.2d 516 (La.App. 3rd Cir.1993), the Third Circuit concluded that the 1992 amendment did not apply retroactively to a case on appeal.

. See Holton v. Brown, 94-2687 (La.App. 4th Cir. 5/15/95), 658 So.2d 6, writs denied, 95-2279 (La 12/8/95), 664 So.2d 423, in which the Fourth Circuit considered the identical issue and reached the same result as we reach herein.